IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EXELIXIS, INC.,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )   C.A. No. _____
                                         )
INTAS PHARMACEUTICALS LTD. and           )
ACCORD HEALTHCARE, INC.,                 )
                                         )
            Defendants.                  )
                                         )

## COMPLAINT FOR PATENT INFRINGEMENT

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, against Defendants Intas Pharmaceuticals Ltd. ("Intas") and Accord Healthcare, Inc. ("Accord") (collectively, "Defendants").  This action arises out of Accord's submission of Abbreviated New Drug Application ("ANDA") No. 221568 to the U.S. Food and Drug Administration ("FDA"), seeking approval to manufacture and sell a generic version of CABOMETYX® (the "Accord ANDA Product") prior to the expiration of U.S. Patent Nos. 8,877,776; 11,091,439; 11,091,440; 11,098,015;  and 12,128,039 (the "Asserted Patents").

## PARTIES

2.      Plaintiff Exelixis, Inc. ("Exelixis") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1851 Harbor Bay Parkway, Alameda, California 94502.  Exelixis is engaged in the business of creating, developing, and bringing to market new medicines for difficult-to-treat cancers.  Exelixis sells CABOMETYX® throughout the United States, including in Delaware.

3.     Upon information and belief, Intas is a corporation organized under the laws of India, with its principal place of business at Corporate House, Near Sola Bridge, S. G. Highway, Thaltej, Ahmedabad 380054, Gujarat, India.  Upon information and belief, Intas, itself and through its wholly owned subsidiaries and agents, including Accord, manufactures, distributes and/or imports generic drugs for sale throughout the United States, including in Delaware.

4.     Upon information and belief, Accord is a corporation organized and existing under the laws of North Carolina, with its principal place of business at 8041 Arco Corporate Dr., Suite 200, Raleigh, NC 27617.  Upon information and belief, Accord is a wholly owned subsidiary of Intas, and Accord is controlled and/or dominated by Intas.  Upon information and belief, Accord manufactures, distributes and/or imports generic drugs for sale and use throughout the United States, including in Delaware, at the direction, under the control, and for the direct benefit of Intas.

5.     Upon information and belief, Intas and Accord acted collaboratively in the preparation and submission of ANDA No. 221568.

6.     Upon information and belief, following any FDA approval of ANDA No. 221568, Defendants, themselves and through their subsidiaries and agents, will make, use, offer to sell, and/or sell the Accord ANDA Product that is the subject of ANDA No. 221568 throughout the United States, including in Delaware, and/or import such generic products into the United States, including into Delaware.

## JURISDICTION AND VENUE

7.     This case arises under the patent laws of the United States of America, 35 U.S.C. §§ 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

2

9. This Court has personal jurisdiction over Defendants because Defendants, among other things, have committed, aided, abetted, contributed, and/or participated in an act of patent infringement under 35 U.S.C. § 271(e)(2) and both intend to engage in a future course of conduct that includes acts of patent infringement under 35 U.S.C. § 271(a), (b) and/or (c), including in Delaware. These acts have led and will lead to foreseeable harm and injury to Exelixis, a Delaware corporation, in Delaware. For example, on information and belief, following approval of ANDA No. 221568, Defendants will make, use, import, sell, and/or offer for sale the Accord ANDA Product in the United States, including in Delaware, prior to the expiration of the Asserted Patents.

10. The Court also has personal jurisdiction over Defendants because, among other things, this action arises from Defendants' actions directed toward Delaware, and because Defendants have purposefully availed themselves of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with Delaware.

11. Upon information and belief, Accord currently manufactures hundreds of drug products that it distributes for sale throughout the United States, including in Delaware.

12. Upon information and belief, Intas directs the operations, management, and activities of Accord in the United States.

13. Upon information and belief, Intas and Accord collaborate in the manufacture of pharmaceutical products (including generic drug products manufactured and sold pursuant to approved ANDAs), as well as the marketing or sale of such pharmaceutical products throughout the United States, including in Delaware.

14. Intas has previously availed itself of this forum by affirmatively filing claims and counterclaims in other actions pending before this Court, including *Veloxis Pharmaceuticals, Inc. v. Accord Healthcare, Inc. et al.*, C.A. No. 22-909-JDW, D.I. 25 (D. Del. Nov. 4, 2022); *Eagle*

*Pharmaceuticals, Inc. v. Accord Healthcare Inc. et al.*, C.A. No. 22-704-CFC, D.I. 11 (D. Del. July 20, 2022); *Cephalon, Inc. v. Accord Healthcare, Inc. et al.*, C.A. No. 13-2095-GMS D.I. 12 (D. Del. Apr. 8, 2014); and *AbbVie Inc. v. Aurobindo Pharma USA, Inc. et al.*, C.A. No. 23-1332-MN (D. Del. Nov 20, 2023).

15.     Accord has previously availed itself of this forum by filing counterclaims in other actions pending before this Court, including *Veloxis Pharmaceuticals, Inc. v. Accord Healthcare, Inc. et al.*, C.A. No. 22-909-JDW, D.I. 25 (D. Del. Nov. 4, 2022); *Novartis Pharmaceuticals Corporation et al. v. Accord Healthcare Inc. et al.*, C.A. No. 22-744-MN, D.I. 19 (D. Del. Aug. 8, 2022); *Eagle Pharmaceuticals, Inc. v. Accord Healthcare Inc. et al.*, C.A. No. 22-704-CFC, D.I. 11 (D. Del. July 20, 2022); *Teva Pharmaceuticals International GmbH, et al. v. Accord Healthcare Inc. et al.*, C.A. No. 21-952-CFC, D.I. 24 (D. Del. Feb. 10, 2022); and *AbbVie Inc. v. Aurobindo Pharma USA, Inc. et al.*, C.A. No. 23-1332-MN (D. Del. Nov 20, 2023).

16.     On information and belief, Intas' contacts with other states of the United States are no greater than its contacts with Delaware.  Therefore, to the extent Intas denies that this Court has personal jurisdiction over it because of a purported lack of systematic and continuous contacts with Delaware, this Court has personal jurisdiction over Intas pursuant to Federal Rule of Civil Procedure 4(k)(2)(A).

17.     Venue is proper in this Court as to Intas under 28 U.S.C. § 1391(c)(3) because, upon information and belief, it is not a resident of the United States and may thus be sued in any judicial district.

## **BACKGROUND**

18.     U.S. Patent No. 8,877,776 (the "'776 Patent") (Exhibit A), titled "(L)-malate salt of  N-(4-{[6,7-bis(methyloxy)  quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-

dicarboxamide," was duly and legally issued by the U.S. Patent and Trademark Office on November 4, 2014. The '776 Patent will expire on October 8, 2030.

19. U.S. Patent No. 11,091,439 (the "'439 Patent") (Exhibit B), titled "Malate salt of N-(4-{[6,7-bis(methyloxy)        quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide, and crystalline forms ther[e]of for the treatment of cancer," was duly and legally issued by the U.S. Patent and Trademark Office on August 17, 2021. The '439 Patent will expire on January 15, 2030.

20. U.S. Patent No. 11,091,440 (the "'440 Patent") (Exhibit C), titled "Malate salt of N-(4-{[6,7-bis(methyloxy)        quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide, and crystalline forms thereof for the treatment of cancer," was duly and legally issued by the U.S. Patent and Trademark Office on August 17, 2021. The '440 Patent will expire on January 15, 2030.

21. U.S. Patent No. 11,098,015 (the "'015 Patent") (Exhibit D), titled "Malate salt of N-(4-{[6,7-bis(methyloxy)        quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide, and crystalline forms thereof for the treatment of cancer," was duly and legally issued by the U.S.  The '015 Patent will expire on January 15, 2030.

22. U.S. Patent No. 12,128,039 (the "'039 Patent") (Exhibit E), entitled "Processes for Preparing Quinoline Compounds and Pharmaceutical Compositions Containing Such Compounds," was duly and legally issued by the U.S. Patent and Trademark Office on October 29, 2024. The '039 Patent will expire on February 10, 2032.

23. The claims of the Asserted Patents are valid, enforceable, and not expired. All rights and interests in the Asserted Patents are owned by and assigned to Exelixis.

24.    CABOMETYX® (cabozantinib) is a tyrosine kinase inhibitor, for oral administration, approved by the FDA for the treatment of patients with advanced kidney cancer (renal cell carcinoma) as a monotherapy and in combination with nivolumab; patients with liver cancer (hepatocellular carcinoma) who have been previously treated with sorafenib; adult and pediatric patients 12 years of age and older with locally advanced or metastatic thyroid cancer (differentiated thyroid cancer) that has progressed following prior VEGFR-targeted therapy and who are radioactive iodine-refractory or ineligible; adult and pediatric patients 12 years of age and older with previously treated, unresectable, locally advanced or metastatic, well-differentiated pancreatic neuroendocrine tumors (pNET); and adult and pediatric patients 12 years of age and older with previously treated, unresectable, locally advanced or metastatic, well-differentiated extra-pancreatic neuroendocrine tumors (epNET).  Exelixis sells CABOMETYX® in the United States pursuant to New Drug Application No. 208692, which was approved by the FDA in 2016.

25.    The Asserted Patents have been listed in connection with CABOMETYX® in the FDA's publication, Approved Drug Products with Therapeutic Equivalence Evaluations, referred to as the "Orange Book."

26.    By letter dated May 22, 2026, and received via Federal Express on May 26, 2026 (the "Notice Letter"), Defendants notified Exelixis that Accord had submitted ANDA No. 221568 to the FDA for Cabozantinib (S)-Malate Tablets, 20 mg, 40 mg, and 60 mg, a generic version of CABOMETYX®.  By email dated June 18, 2026, through its counsel, Accord confirmed that 20 mg, 40 mg, and 60 mg are the dosage strengths of the Accord ANDA Product.

27.    By submitting ANDA No. 221568, Defendants have necessarily represented to the FDA that the Accord ANDA Product has the same active ingredient as CABOMETYX®, has the same dosage forms and strengths as CABOMETYX®, and is bioequivalent to CABOMETYX®.

28.    In Defendants' Notice Letter, Defendants stated that ANDA No. 221568 included a Paragraph IV certification pursuant to 21 U.S.C. § 355(j) with respect to the Asserted Patents and alleged that the Asserted Patents are "not infringed" by the Accord ANDA Product and/or are "invalid and/or unenforceable.  The Notice Letter also informed Exelixis that Defendants seek approval to engage in the commercial manufacture, use, offer for sale, sale, or importation of the Accord ANDA Product before the Asserted Patents expires.

29.    Upon information and belief, Defendants had knowledge of the Asserted Patents at least as of the time they submitted their Paragraph IV certification in ANDA No. 221568.

30.    Upon information and belief, Defendants intend to engage in the manufacture, use, offer for sale, sale, and/or importation of the Accord ANDA Product immediately and imminently upon approval of ANDA No. 221568.

31.    This action is being commenced before the expiration of forty-five days from the date of Exelixis' receipt of the Notice Letter.

## CLAIMS FOR RELIEF

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,877,776

32.    Exelixis incorporates each of the preceding paragraphs 1-31 as if fully set forth herein.

33.    Defendants' submission of ANDA No. 221568 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Accord ANDA Product before the expiration of the '776 Patent constituted an act of infringement of at least claims 1, 2, and 3 of the '776 Patent under 35 U.S.C. § 271(e)(2)(A).

34.    For example, claim 1 of the '776 Patent recites:

N-(4-{[6,7-bis(methyloxy)quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide  (L)-malate  salt,  wherein

7

said salt is in crystalline Form N-2 and said Form N-2 is characterized by at least one of the following:

(i) a solid state $^{13}$C NMR spectrum with four or more peaks selected from 23.0, 25.9, 38.0, 41.7, 69.7, 102.0, 122.5, 177.3, 179.3, 180.0, and 180.3, ±0.2 ppm;

(ii) a powder x-ray diffraction pattern (CuK$\alpha\lambda$=l .5418 Å) comprising 2θ values at 20.9±0.2 °2θ and 21.9±0.2 °2θ, and two or more 2θ values selected from: 6.4±0.2 °2θ, 9.1±0.2 °2θ, 12.0±0.2 °2θ, 12.8±0.2, 13.7±0.2, 17.1±0.2, 22.6±0.2, 23.7±0.2, wherein measurement of the crystalline form is at room temperature; and/or

(iii) an x-ray powder diffraction (XRPD) pattern substantially in accordance with the pattern shown in FIG. 8.

35.    N-(4-{[6,7-bis(methyloxy)quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide is the chemical nomenclature for cabozantinib. The Notice Letter states that the active ingredient in the Accord ANDA Product is cabozantinib. Counsel for Exelixis obtained and reviewed portions of ANDA No. 221568 produced by Defendants pursuant to an agreed Offer of Confidential Access.  Materials provided to counsel for Exelixis by Defendants support the conclusion that the claimed crystalline cabozantinib (L)-malate Form N-2 may be present in the Accord ANDA Product and, at the very least, are insufficient to demonstrate that the claimed crystalline cabozantinib (L)-malate Form N-2 is not present in the Accord ANDA Product.

36.    Defendants' commercial manufacture, use, offer for sale, sale and/or importation of the Accord ANDA Product prior to expiration of the '776 Patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe the '776 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

37.    Upon FDA approval of ANDA No. 221568, Defendants will infringe the '776 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Accord ANDA Product and/or its active ingredient, and/or by actively

8

inducing and contributing to infringement of the '776 Patent by others, under 35 U.S.C. § 271(a), (b), and/or (c), unless enjoined by the Court.  Such infringement is imminent because, among other things, Defendants have notified Exelixis of the submission of ANDA No. 221568 seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Accord ANDA Product before the expiration of the '776 Patent.

38.     A substantial and justiciable controversy exists between the parties hereto as to the infringement of the '776 Patent.

39.     Pursuant to 28 U.S.C. § 2201, Exelixis is entitled to a declaratory judgment that Defendants' making, using, offering to sell, selling, and/or importing the Accord ANDA Product, inducement thereof, or contribution thereto, will infringe the '776 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

40.     Upon information and belief, Defendants acted, and upon FDA approval of ANDA No. 221568 will act, without a reasonable basis for believing that they would not be liable for directly and/or indirectly infringing the '776 Patent.  This is an exceptional case.

41.     Unless Defendants are enjoined from directly or indirectly infringing the '776 Patent, Exelixis will suffer irreparable injury.  Exelixis has no adequate remedy at law.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,091,439

42.     Exelixis incorporates each of the preceding paragraphs 1-41 as if fully set forth herein.

43.     Defendants' submission of ANDA No. 221568 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Accord ANDA Product before the expiration of the '439 Patent constituted an act of infringement of at least claims 1, 3, and 4 of the '439 Patent under 35 U.S.C. § 271(e)(2)(A).  Accord's Notice Letter fails to identify any element of those claims not satisfied by the Accord ANDA and the Accord ANDA Product.

9

44.      For example, claim 1 of the '439 Patent recites:

> N-(4-{[6,7-bis(methyloxy)quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide, malate salt, wherein said salt is crystalline.

45.      N-(4-{[6,7-bis(methyloxy)quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide is the chemical nomenclature for cabozantinib. The Notice Letter states that the active ingredient in the Accord ANDA Product is cabozantinib. Accord's Notice Letter fails to identify any element of at least claim 1 not satisfied by the Accord ANDA and the Accord ANDA Product. Additionally, counsel for Exelixis obtained and reviewed portions of ANDA No. 221568 produced by Defendants pursuant to an agreed Offer of Confidential Access. Materials provided to counsel for Exelixis by Defendants support the conclusion that the Accord ANDA Product contains crystalline cabozantinib malate.

46.      Defendants' commercial manufacture, use, offer for sale, sale and/or importation of the Accord ANDA Product and/or its active ingredient prior to expiration of the '439 Patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe the '439 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

47.      Upon FDA approval of ANDA No. 221568, Defendants will infringe the '439 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Accord ANDA Product and/or its active ingredient, and/or by actively inducing and contributing to infringement of the '439 Patent by others, under 35 U.S.C. § 271(a), (b), and/or (c), unless enjoined by the Court. Such infringement is imminent because, among other things, Defendants have notified Exelixis of the submission of ANDA No. 221568 seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Accord ANDA Product before the expiration of the '439 Patent.

48.    A substantial and justiciable controversy exists between the parties hereto as to the infringement of the '439 Patent.

49.    Pursuant to 28 U.S.C. § 2201, Exelixis is entitled to a declaratory judgment that Defendants' making, using, offering to sell, selling, and/or importing the Accord ANDA Product, inducement thereof, or contribution thereto, will infringe the '439 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

50.    Upon information and belief, Defendants acted, and upon FDA approval of ANDA No. 221568 will act, without a reasonable basis for believing that they would not be liable for directly and/or indirectly infringing the '439 Patent.  This is an exceptional case.

51.    Unless Defendants are enjoined from directly or indirectly infringing the '439 Patent, Exelixis will suffer irreparable injury.  Exelixis has no adequate remedy at law.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,091,440**

52.    Exelixis incorporates each of the preceding paragraphs 1-51 as if fully set forth herein.

53.    Defendants' submission of ANDA No. 221568 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Accord ANDA Product before the expiration of the '440 Patent constituted an act of infringement of at least claims 1 and 3 of the '440 Patent under 35 U.S.C. § 271(e)(2)(A).  Accord's Notice Letter fails to identify any element of those claims not satisfied by the Accord ANDA and the Accord ANDA Product.

54.    For example, claim 1 of the '440 Patent recites:

> A pharmaceutical composition comprising the N-(4-{[6,7-bis(methyloxy)quinolin-4-yl]oxylphenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide, malate salt, wherein said salt is crystalline; and a pharmaceutically acceptable excipient.

55.     N-(4-{[6,7-bis(methyloxy)quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide is the chemical nomenclature for cabozantinib. The Notice Letter states that the active ingredient in the Accord ANDA Product is cabozantinib and that the dosage form is a cabozantinib extended-release tablet.  Accord's Notice Letter fails to identify any element of at least claim 1 not satisfied by the Accord ANDA and the Accord ANDA Product.  Additionally, counsel for Exelixis obtained and reviewed portions of ANDA No. 221568 produced by Defendants pursuant to an agreed Offer of Confidential Access.  Materials provided to counsel for Exelixis by Defendants support the conclusion that the Accord ANDA Product is a pharmaceutical composition containing crystalline cabozantinib malate and a pharmaceutically acceptable excipient.

56.     Defendants' commercial manufacture, use, offer for sale, sale and/or importation of the Accord ANDA Product and/or its active ingredient prior to expiration of the '440 Patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe the '440 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

57.     Upon FDA approval of ANDA No. 221568, Defendants will infringe the '440 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Accord ANDA Product and/or its active ingredient, and/or by actively inducing and contributing to infringement of the '440 Patent by others, under 35 U.S.C. § 271(a), (b), and/or (c), unless enjoined by the Court.  Such infringement is imminent because, among other things, Defendants have notified Exelixis of the submission of ANDA No. 221568 seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Accord ANDA Product before the expiration of the '440 Patent.

58.    A substantial and justiciable controversy exists between the parties hereto as to the infringement of the '440 Patent.

59.    Pursuant to 28 U.S.C. § 2201, Exelixis is entitled to a declaratory judgment that Defendants' making, using, offering to sell, selling, and/or importing the Accord ANDA Product, inducement thereof, or contribution thereto, will infringe the '440 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

60.    Upon information and belief, Defendants acted, and upon FDA approval of ANDA No. 221568 will act, without a reasonable basis for believing that they would not be liable for directly and/or indirectly infringing the '440 Patent.  This is an exceptional case.

61.    Unless Defendants are enjoined from directly or indirectly infringing the '440 Patent, Exelixis will suffer irreparable injury.  Exelixis has no adequate remedy at law.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 11,098,015

62.    Exelixis incorporates each of the preceding paragraphs 1-61 as if fully set forth herein.

63.    Defendants' submission of ANDA No. 221568 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Accord ANDA Product before the expiration of the '015 Patent constituted an act of infringement of at least claims 1, 2, and 3 of the '015 Patent under 35 U.S.C. § 271(e)(2)(A).  Accord's Notice Letter fails to identify any element of those claims not satisfied by the Accord ANDA and the Accord ANDA Product.

64.    For example, claim 1 of the '015 Patent recites:

> A method of treating cancer, comprising administering to a subject in need thereof    N-(4-{[6,7-bis(methyloxy)quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide, malate salt, wherein said salt is the (L)-malate salt or the (D)-malate salt, and wherein said salt is crystalline.

65.    N-(4-{[6,7-bis(methyloxy)quinolin-4-yl]oxy}phenyl)-N'-(4-fluorophenyl)cyclopropane-1,1-dicarboxamide is the chemical nomenclature for cabozantinib. The Notice Letter states that the active ingredient in the Accord ANDA Product is cabozantinib and that Accord is seeking approval of ANDA No. 221568 to engage in the commercial manufacture, use, or sale of a cabozantinib extended-release tablet (20 mg, 40 mg, 60 mg). Accord's Notice Letter fails to identify any element of at least claim 1 not satisfied by the Accord ANDA and the Accord ANDA Product. Additionally, counsel for Exelixis obtained and reviewed portions of ANDA No. 221568 produced by Defendants pursuant to an agreed Offer of Confidential Access. Materials provided to counsel for Exelixis by Defendants support the conclusion that the Accord ANDA product contains crystalline cabozantinib (L)-malate and, upon approval of ANDA No. 221568, Accord will market the Accord ANDA Product for treatment of cancer.

66.    Defendants' commercial manufacture, use, offer for sale, sale and/or importation of the Accord ANDA Product and/or its active ingredient prior to expiration of the '015 Patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe the '015 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

67.    Upon FDA approval of ANDA No. 221568, Defendants will infringe the '015 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Accord ANDA Product and/or its active ingredient, and/or by actively inducing and contributing to infringement of the '015 Patent by others, under 35 U.S.C. § 271(a), (b), and/or (c), unless enjoined by the Court. Such infringement is imminent because, among other things, Defendants have notified Exelixis of the submission of ANDA No. 221568 seeking

14

approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Accord ANDA Product before the expiration of the '015 Patent.

68.     A substantial and justiciable controversy exists between the parties hereto as to the infringement of the '015 Patent.

69.     Pursuant to 28 U.S.C. § 2201, Exelixis is entitled to a declaratory judgment that Defendants' making, using, offering to sell, selling, and/or importing the Accord ANDA Product, inducement thereof, or contribution thereto, will infringe the '015 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

70.     Upon information and belief, Defendants acted, and upon FDA approval of ANDA No. 221568 will act, without a reasonable basis for believing that they would not be liable for directly and/or indirectly infringing the '015 Patent.  This is an exceptional case.

71.     Unless Defendants are enjoined from directly or indirectly infringing the '015 Patent, Exelixis will suffer irreparable injury.  Exelixis has no adequate remedy at law.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 12,128,039

72.     Exelixis incorporates each of the preceding paragraphs 1-71 as if fully set forth herein.

73.     Defendants' submission of ANDA No. 221568 to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Accord ANDA Product before the expiration of the '039 Patent constituted an act of infringement of at least claims 1-11, 13-14, 16-17, 19-20, 22 of the '039 Patent under 35 U.S.C. § 271(e)(2)(A).  Accord's Notice Letter fails to identify any element of those claims not satisfied by the Accord ANDA and the Accord ANDA Product.

74.     For example, claim 1 of the '039 patent recites:

A pharmaceutical composition for oral administration comprising Compound IB:

and a pharmaceutically acceptable carrier, wherein the pharmaceutical composition is a tablet or a capsule, and wherein the pharmaceutical composition contains 100 ppm or less of 6,7-dimethoxy-quinoline-4-ol.

75.     Compound IB is cabozantinib (L)-malate.  The Notice Letter states that the active ingredient in the Accord ANDA Product is cabozantinib and that the dosage form is a cabozantinib extended-release tablet.  Accord's Notice Letter fails to identify any element of at least claim 1 not satisfied by the Accord ANDA and the Accord ANDA Product.  Additionally, counsel for Exelixis obtained and reviewed portions of ANDA No. 221568 produced by Defendants pursuant to an agreed Offer of Confidential Access.  Materials provided to counsel for Exelixis by Defendants support the conclusion that the Accord ANDA Product is a pharmaceutical composition for oral administration containing cabozantinib (L)-malate and a pharmaceutically acceptable carrier, and having100 ppm or less of 6,7-dimethoxy-quinoline-4-ol.

76.     Defendants' commercial manufacture, use, offer for sale, sale and/or importation of the Accord ANDA Product and/or its active ingredient prior to expiration of the '039 Patent, and Defendants' inducement of and/or contribution to such conduct, would further infringe the '039 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c).

16

77.     Upon FDA approval of ANDA No. 221568, Defendants will infringe the '039 Patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing the Accord ANDA Product and/or its active ingredient, and/or by actively inducing and contributing to infringement of the '039 Patent by others, under 35 U.S.C. § 271(a), (b), and/or (c), unless enjoined by the Court.  Such infringement is imminent because, among other things, Defendants have notified Exelixis of the submission of ANDA No. 221568 seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the Accord ANDA Product before the expiration of the '039 Patent.

78.     A substantial and justiciable controversy exists between the parties hereto as to the infringement of the '039 Patent.

79.     Pursuant to 28 U.S.C. § 2201, Exelixis is entitled to a declaratory judgment that Defendants' making, using, offering to sell, selling, and/or importing the Accord ANDA Product, inducement thereof, or contribution thereto, will infringe the '039 Patent pursuant to 35 U.S.C. §§ 271(a), (b), and/or (c).

80.     Upon information and belief, Defendants acted, and upon FDA approval of ANDA No. 221568 will act, without a reasonable basis for believing that they would not be liable for directly and/or indirectly infringing the '039 Patent.  This is an exceptional case.

81.     Unless Defendants are enjoined from directly or indirectly infringing the '039 Patent, Exelixis will suffer irreparable injury.  Exelixis has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Exelixis asks that this Court grant the following relief:

(a)     A judgment that the claims of the Asserted Patents are not invalid, are not unenforceable, and were infringed by Defendants' submission of ANDA No. 221568 under 35 U.S.C. § 271(e)(2)(A), and that Defendants' manufacture, use, offer to sell, sale, or importation of

the Accord ANDA Product, including inducement thereof or contribution thereto, prior to the expiration of the Asserted Patents, will infringe the Asserted Patents, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c);

(b)    An Order pursuant to 35 U.S.C. § 271(e)(2)(A) providing that the effective date of any FDA approval of ANDA No. 221568 shall not be earlier than the expiration of the Asserted Patents, including any extensions and/or additional periods of exclusivity to which Exelixis is or becomes entitled;

(c)    A declaratory judgment that Defendants' manufacture, use, offer to sell, sale, or importation, including inducement thereof and contribution thereto, of the Accord ANDA Product and/or its active ingredient prior to the expiration of the Asserted Patents, would infringe the Asserted Patents, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), (b), and/or (c);

(d)    An Order permanently enjoining Defendants, and their affiliates, subsidiaries, and/or each of their officers, agents, servants and employees and those acting in privity or concert with Defendants, from making, using, offering to sell, selling, or importing the Accord ANDA Product and/or its active ingredient until after the Asserted Patents' expiration, including any extensions and/or additional periods of exclusivity to which Exelixis is or becomes entitled;

(e)    Damages or other monetary relief, including costs, fees, pre-judgment interest, and/or post-judgment interest, to Exelixis if Defendants engage in commercial manufacture, use, offers to sell, sale, or importation into the United States of the Accord ANDA Product prior to the expiration of the Asserted Patents, including any extensions and/or additional periods of exclusivity to which Exelixis is or becomes entitled; and

(f)    Such further and other relief as this Court deems proper and just.

18

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Anthony D. Raucci*

Rodger D. Smith II (#3778)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Plaintiff Exelixis, Inc.*

OF COUNSEL:

Lisa J. Pirozzolo
Emily R. Whelan
Kevin S. Prussia
Jonathan A. Cox
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

Amy K. Wigmore
Charles T. Cox
Gerard A. Salvatore
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

Anna Mizzi
Alexander P. Gorka
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street, 45th Floor
New York, NY 10007
(212) 230-8800

July 6, 2026